# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES L. STRINGER,

    Plaintiff,

v.

ROBERT WOOLSEY, *et al*.,

    Defendants.

Case No. 2:10-CV-00048-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (#2). Plaintiff seeks to enjoin the proceedings in his criminal case arising in municipal court in Boulder City, Nevada.

    The Younger abstention doctrine forbids federal courts from enjoining pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992), cert. denied, 506 U.S. 1054 (1993). "Younger generally directs a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." Martinez v. Newport Beach City, 125 F.3d 777, 781 (9th Cir. 1997). "When a case falls within the proscription of Younger, a district court must dismiss the federal action." World

Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987); see Kenneally, 967 F.2d at 331.

Under the Younger abstention doctrine, barring exceptional circumstances, federal courts may not stay or enjoin pending state criminal court proceedings. Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980). If Younger abstention applies, a court may not retain jurisdiction, but should dismiss the action. Judice v. Vail, 430 U.S. 327, 348 (1977). Courts have "long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forego the exercise of its habeas corpus power." Francis v. Henderson, 425 U.S. 536, 539 (1976). Younger abstention promotes both the interests of comity and judicial economy. A party may be acquitted at trial, or on appeal, thereby mooting the federal issue in the petition. Sherwood v. Thompson, 716 F.2d 632, 634 (9th Cir. 1983).

Younger abstention is appropriate when: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Middlesex County Ethics Commission v. Garden State Bar Association, 457 U.S. 423, 432 (1982); Kenneally, 967 F.2d at 331; Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

Under the first prong of the Younger test, the pendency of the state proceedings is determined at the time the federal complaint is filed. Mission Oaks Mobil Home Park v. City of Hollister, 989 F.2d 359, 360-61 (9th Cir. 1993), cert. denied, 510 U.S. 1110 (1994); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988). State proceedings are ongoing if appellate remedies have not been exhausted. Huffman v. Pursue Ltd., 420 U.S. 592 (1975).

As to the second factor, state proceedings may implicate important state interests when they are necessary for the vindication of important state policies. Middlesex County Ethics Commission, 457 U.S. at 432; see World Famous Drinking Emporium, 820 F.2d at 1082-83 (civil proceeding implicated state's interest in enforcing municipal ordinances regulating public nuisances).

In considering the third factor, the Supreme Court has noted that "where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.' " <u>Middlesex County Ethics Commission</u>, 457 U.S. at 432.  To satisfy this requirement, it is sufficient that constitutional claims may be raised in state court judicial review of the proceeding.  <u>See</u> <u>Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.</u>, 477 U.S. 619, 629 (1986).

A federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 15 (1987).  It appears that Nevada law affords Plaintiff an opportunity to present his constitutional claims.

All three of the <u>Younger</u> requirements are satisfied in the present case.  Abstention is therefore required unless an exception to <u>Younger</u> applies.  <u>Younger</u> exceptions are few and far between.  "Only in the most unusual circumstances is the defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Apparent finality of one issue is not enough."  <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972).

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. <u>Younger v. Harris</u>, 401 U.S. 37, 53-54 (1971).  Irreparable injury does not exist if the threat to the plaintiff's federally protected rights may be eliminated by his defense of the criminal case. <u>Id.</u> at 46.  Moreover, even irreparable injury is insufficient to permit interference with the proceeding unless it is "both great and immediate." <u>Id</u>.  "The <u>Younger</u> doctrine was born of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." <u>Miofsky v. Superior Court</u>, 703 F.2d 332, 336 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that  Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (#2) is **DENIED**;

1   IT IS FURTHER ORDERED that Plaintiff's Complaint is **DISMISSED**.

2   DATED this 29TH day of January 2010.

_____
Kent J. Dawson
United States District Judge

4