# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES L. STRINGER,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT WOOLSEY, et al.,<br><br>    Defendants. | Case No. 2:10-cv-00048-KJD-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

Plaintiff Charles L. Stringer is proceeding in this action *pro se*. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint on January 8, 2010. On January 29, 2010, District Judge Dawson entered an Order denying Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction and dismissing this case. *See* Dkt. #4. Subsequently, Plaintiff filed a Motion to Amend/Correct (Dkt. #5), which was also granted by District Judge Dawson, who then referred Plaintiff's Application to Proceed *In Forma Pauperis* to the undersigned. Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

**I.      Factual Allegations.**

Plaintiff's Complaint alleges that the Defendants conspired to violate his civil rights by arresting him for driving under the influence in Boulder City, Nevada. Plaintiff asserts that on January 1, 2009, he stopped walking into a McDonald's Restaurant in Boulder City, Nevada and he was approached by a Boulder City police officer, Defendant Robert Woolsey, in the parking lot. Defendant Woolsey asked Plaintiff if he was driving a Chevrolet HHR. When Plaintiff responded yes, Defendant Woolsey asked Plaintiff to return to his car to produce his driver's license. Plaintiff complied. Defendant Woolsey then noticed an odor of burnt marijuana in the Plaintiff's car, which Plaintiff stated had been present in the car when he rented it. Plaintiff performed a vision test, and Defendant Woolsey arrested Plaintiff and searched Plaintiff's rental car. Defendant Woolsey found a half ounce of marijuana in Plaintiff's luggage, which he alleges Defendant Woolsey stole and never reported finding.

Plaintiff was taken to the Boulder City Police Department, where blood was drawn to determine if Plaintiff had been drinking alcohol. Plaintiff alleges the arresting officers, including Defendant

Woolsey, offered to release Plaintiff if Plaintiff could pay four thousand dollars. Plaintiff refused, and he was booked into the Henderson Detention Center, and he posted bond on January 2, 2009. When Plaintiff attempted to retrieve his rental car from the Boulder Police Department, he was not permitted to do so. He paid seventy dollars to retrieve his luggage. When he returned to Mississippi, he became aware that a $1947.19 charge had been placed on his credit card by Avis Rental Car and Big John Towing. Plaintiff asserts he attempted to enlist the help of the rental car company in retrieving his rental car from impound. Plaintiff was not successful, and he attempted to rent another rental car, but no company had a car available that he could drop off in Jackson, Mississippi. He rented a car from Enterprise in order to go to the airport, where he purchased a plane ticket and flew to Dallas, Texas, where he stayed with his son and his son's mother in Colony, Texas. Plaintiff was eventually able to rent a car to take him back to his mother's home in Jackson, Mississippi. Plaintiff was not able to return the rental car in Mississippi, and he had to drive it back to Dallas, where he dropped the car off and returned by bus to Mississippi.

As a result of the various expenditures associated with Plaintiff's arrest and return trip to Mississippi, Plaintiff could not pay his Visa credit card, and he states he received many phone calls from the credit card company. Plaintiff states that he had no money for anything, including to work on other legal matters pending in state and federal court.

Plaintiff returned to Boulder City on April 7, 2009 for a court appearance on April 14, 2009. He paid five dollars for discovery from the city attorney on April 9, 2009. On April 14, 2009, Plaintiff's case was not called, and when he inquired about the case's status from the court, the judge informed him that no charges had been filed and advised Plaintiff that the prosecutor's office had one year to file charges. The judge informed Plaintiff that any bond he posted was exonerated. Plaintiff returned to Mississippi. Plaintiff attempted to have his bond money refunded from the bail bond company. The bail bond company eventually refunded the bond amount less the company's fees. Plaintiff received a check in the amount of $3264.00 on May 1, 2009.

In June, 2009, Plaintiff received a criminal complaint and summons to appear in Boulder City Municipal Court. Plaintiff also received a toxicology report and paid for and received a copy of the patrol car video from his arrest. Plaintiff asserts that video has been altered, edited, and had certain

parts re-filmed to show the arrest in a different manner.  Plaintiff returned to Las Vegas on July 14, 2009 for an appearance on June 16, 2009.  Neither the judge nor the prosecutor was present, and Plaintiff merely signed a form entitled Advisement of Rights and Penalties.  Plaintiff was appointed counsel, Defendant Mike Printy.  Plaintiff traveled back and forth from Mississippi to Boulder City to defend himself in the criminal case.  In December, 2009, Plaintiff was not permitted to rent a car in Las Vegas because a hold had been placed by on Plaintiff's reservation by Alamo Rental Car in Mississippi.  Plaintiff alleges that an Enterprise Rental Car employee in Mississippi–a "morbid[ly] obese black woman . . . acting on behalf of some corrupt law enforcement" conspired with law enforcement in Boulder City, Nevada to prevent him from defending his criminal case.  Plaintiff's case was eventually dismissed on December 17, 2009.

Plaintiff's Complaint alleges that Defendant Woolsey, Henderson Detention Center, and Boulder City violated his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights by forcing Plaintiff to pay a bond in the amount of $4,152.00.  Plaintiff asserts this was cruel and unusual punishment and in violation of his right to due process.  Plaintiff asserts the Defendants intended to commit fraud and extortion.  Plaintiff asserts that Defendant Mike Printy and Defendant Jane Doe Manager at Alamo Rental Car also conspired with Defendants Woolsey, Boulder Police Department, Boulder City, and the Henderson Detention Center and Defendant Printy by trying to get Plaintiff to miss court.  Plaintiff alleges Defendants Printy and Jane Does were "gross[ly] negligent, negligence [sic] misrepresentation, breach of duty to deal fairly and in good faith, rescission due to misrepresentation, retaliatory actions, professional negligence and malfeasance and obstruction of justice."  Complaint at 16.   Plaintiff seeks damages in the amount of one million dollars from each Defendant.

**II.     Discussion.**

  **A.     Plaintiff's "Official Capacity" Claims.**

Plaintiff's Complaint attempts to state claims under 42 U.S.C. §§ 1983 and 1985.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).

States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). In order to state an official capacity claim or a claim against a local government, such as a municipality, a plaintiff must allege there is "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom, *Monell*, 436 U.S. at 690, or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Although Plaintiff has alleged a failure to train, he has not stated any specific facts to support this claim. Plaintiff must allege the conduct in the Complaint is the result of official policy, practice, or failure to train. Plaintiff has stated no facts concerning any custom, procedure, policy, or practice which would support a claim for municipal liability under 42 U.S.C. § 1983. Therefore, Plaintiffs claims against the Boulder Police Department and the City of Boulder will be dismissed, with leave to amend.

**B.     Plaintiff's 1985 Claim.**

In order to state a claim under 42 U.S.C. § 1985, a plaintiff must allege (a) a conspiracy; (b) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (c) an act in furtherance of the conspiracy; (d) whereby a person is either injured in his or her person or property or deprived of any right or privilege of a citizen of the United States. *See United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983), *reh'g denied*, 464 U.S. 875 (1983). Here, although Plaintiff has alleged Defendants conspired to deprive him of his civil rights, he has not stated any facts to show a conspiracy existed, nor has he alleged he is a member of a protected class, and his claim under 42 U.S.C. § 1985 will be dismissed, with leave to amend.

///

### C. Plaintiff's Fourth Amendment Claims Against Defendant Woolsey.

Plaintiff alleges that Defendant Woolsey violated his rights under the Fourth Amendment by searching his car and luggage and by arresting him without probable cause. As a general matter, the Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV. An arrest made without a warrant requires a showing of probable cause. *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 2001). An arrest made without probable cause or other justification provides the basis for a claim of unlawful arrest under § 1983 as a violation of the Fourth Amendment. *Dubner v. City of San Francisco*, 266 F.3d 959 (9th Cir. 2001). A warrantless arrest is reasonable where the officer has probable cause to believe a crime has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Whether a police officer has probable cause to arrest is ascertained by looking at the facts known to the officer at the time of the arrest. *Turner v. County of Washoe*, 759 F.Supp. 630, 634 (D.Nev. 1991). Probable cause exists if the facts and circumstances within the person's knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person had committed a crime. *Id.* The existence of probable cause vitiates any claim of unlawful arrest. *Pierson v. Ray*, 386 U.S. 547 (1967); *Wyatt v. Cole*, 504 U.S. 158, 165 (1992); *Turner*, 759 F.Supp. at 633 (stating "It has long been established that a police officer who arrests with probable cause is immune from suit in a civil rights action"). Whether charges are later dismissed does not affect the determination of whether probable cause existed to support the arrest. *Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1996).

The plaintiff bears the burden of proof on the issue of unlawful arrest, which can be satisfied by showing that the arrest was conducted without a valid warrant. *Dubner*, 266 F.3d at 965. If the arrest was warrantless, the burden then shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest. *Id.* The plaintiff still bears the ultimate burden of proof, but the burden of production falls on the defendant. *Id.*

Here, Plaintiff alleges that the Defendant Woolsey arrested him without a warrant. Plaintiff also asserts that the search of his car and luggage violated the Fourth Amendment because Defendant Woolsey searched his property without probable cause and without a warrant. Under the Fourth Amendment, searches and seizures are unreasonable and invalid unless based on probable cause and executed pursuant to a warrant. *Katz v. United States*, 389 U.S. 347, 357 (1967). Accepting Plaintiff's allegations as true, Plaintiff has stated a claim for violation of his Fourth Amendment right to be free from unreasonable search and seizure.

### D. Plaintiff's Remaining Claims.

Plaintiff has also named his court appointed counsel and an employee of Alamo Rental Car as Defendants, asserting they conspired with law enforcement to violate his civil rights. However, neither Defendant Printy nor Defendant Jane Doe are state actors. Defendant Jane Doe is an employee of a private company. Defendant Printy, Plaintiff's court-appointed defense counsel, is also not a state actor. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* The Court reasoned that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he or she is "not acting on behalf of the State; he is the State's adversary." *Id.* at 323 n.13; *see also West,* 487 U.S. at 50 (discussing *Polk)*. Similarly, Plaintiff's court-appointed counsel was not a state actor in acting as counsel for Plaintiff in his criminal case in Boulder City. Neither Defendant Printy nor Defendant Doe were acting under color of state law, and Plaintiff cannot state a claim against them under 42 U.S.C. § 1983.[1]

With regard to Plaintiff's claim against the Henderson Detention Center, Plaintiff cannot state a claim under 42 U.S.C. § 1983. The Henderson Detention Center is an inanimate object that may not be sued. In order to state a claim under 42 U.S.C. § 1983, Plaintiff must name the officers who allegedly deprived him of his civil rights in their individual capacities. With regard to Plaintiff's claim against

---

[1] In *Tower v. Glover*, 467 U.S. 914, 919-20 (1984), the Court recognized that a public defender can be sued under § 1983 if he or she conspired with a state actor, even if the state actor is immune from § 1983 liability. However, here, Plaintiff has not alleged facts to suggest such a conspiracy.

the Boulder City Police Department, Plaintiff has not alleged the conduct in the Complaint is the result of official policy, practice, or failure to train. Plaintiff has stated no facts concerning any custom, procedure, policy, or practice which would support a claim for municipal liability under 42 U.S.C. § 1983.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant Woolsey, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

4. From this point forward, Plaintiff shall serve upon Defendant Woolsey, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The

court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

5. Plaintiff's remaining claims are **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty days from the date that this Order is entered to file his Amended Complaint, if Plaintiff believes the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, he must set forth the grounds upon which the court's jurisdiction depends. Fed. R.Civ. P. 8(a); LR 8-1. In addition, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Dated this 9th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE