1

2

3

4                        **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

7    CHARLES L. STRINGER,                    )
                                             )    Case No. 2:10-cv-00048-KJD-PAL
8                            Plaintiff,      )
                                             )    **ORDER AND REPORT OF FINDINGS**
9    vs.                                     )    **AND RECOMMENDATION**
                                             )
10   ROBERT WOOLSEY, et al.,                 )    (Mtn to Amend Compl - Dkt. #11)
                                             )
11                           Defendants.     )
     _____)

12

13          This matter is before the court on Plaintiff Charles L. Stringer's Motion to Amend Complaint

14   and Amended Complaint (Dkt. #11) filed on August 5, 2010.  The court has considered the Motion and

15   the Amended Complaint.

16          Plaintiff is proceeding in this action *pro se*.  On January 8, 2010, he filed an Application to

17   Proceed *In Forma Pauperis* (Dkt. #1) and submitted a Complaint.  On January 29, 2010, District Judge

18   Dawson entered an Order denying Plaintiff's Motion for Temporary Restraining Order/Preliminary

19   Injunction and dismissing this case.  *See* Dkt. #4.  Subsequently, Plaintiff filed a Motion to

20   Amend/Correct (Dkt. #5), which was also granted by District Judge Dawson, who then referred

21   Plaintiff's Application to Proceed *In Forma Pauperis* to the undersigned.  Because the court approved

22   Plaintiff's Application to Proceed *In Forma Pauperis*, the court screened Plaintiff's Complaint pursuant

23   to 28 U.S.C. § 1915(a).  The court found that Plaintiff's Complaint stated a claim against Officer

24   Woolsey but failed to state a claim upon which relief could be granted as to the other Defendants and

25   allowed Plaintiff thirty days in which to file an Amended Complaint.  Officer Woolsey was served on

26   July 23, 2010 with the Complaint.  *See* Summons Returned Executed, Dkt. #10.  The court will now

27   screen Plaintiff's Amended Complaint.

28   / / /

1    Federal courts are given the authority dismiss a case if the action is legally "frivolous or

2    malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a

3    defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a

4    complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions

5    as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

6    not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

7    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

8    failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

9    ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

10   2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

11   the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

12   555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

13   and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129

14   S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

15   true all well-pled factual allegations contained in the complaint, but the same requirement does not

16   apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

17   supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the

18   complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

19   *Twombly,* 550 U.S. at 570.

20   **I.      Factual Allegations.**

21   Plaintiff's Amended Complaint states essentially the same facts and causes of action as his

22   original Complaint.  Plaintiff alleges that the Defendants conspired to violate his civil rights by

23   arresting him for driving under the influence in Boulder City, Nevada.  Plaintiff asserts that on January

24   1, 2009, he stopped walking into a McDonald's Restaurant in Boulder City, Nevada and he was

25   approached by a Boulder City police officer, Defendant Robert Woolsey, in the parking lot.  Defendant

26   Woolsey asked Plaintiff if he was driving a Chevrolet HHR.  When Plaintiff responded yes, Defendant

27   Woolsey asked Plaintiff to return to his car to produce his driver's license.  Plaintiff complied.

28   Defendant Woolsey then noticed an odor of burnt marijuana in the Plaintiff's car, which Plaintiff stated

1    had been present in the car when he rented it.  Plaintiff performed a vision test, and Defendant Woolsey

2    arrested Plaintiff and searched Plaintiff's rental car.  Defendant Woolsey found a half ounce of

3    marijuana in Plaintiff's luggage, which he alleges Defendant Woolsey stole and never reported finding.

4          Plaintiff was taken to the Boulder City Police Department, where blood was drawn to determine

5    if Plaintiff had been drinking alcohol.  Plaintiff alleges the arresting officers, including Defendant

6    Woolsey, offered to release Plaintiff if Plaintiff could pay four thousand dollars.  Plaintiff refused, and

7    he was booked into the Henderson Detention Center, and he posted bond on January 2, 2009.  When

8    Plaintiff attempted to retrieve his rental car from the Boulder Police Department, he was not permitted

9    to do so.  He paid seventy dollars to retrieve his luggage.  When he returned to Mississippi, he became

10   aware that a $1947.19 charge had been placed on his credit card by Avis Rental Car and Big John

11   Towing.  Plaintiff asserts he attempted to enlist the help of the rental car company in retrieving his

12   rental car from impound.  Plaintiff was not successful, and he attempted to rent another rental car, but

13   no company had a car available that he could drop off in Jackson, Mississippi.  He rented a car from

14   Enterprise in order to go to the airport, where he purchased a plane ticket and flew to Dallas, Texas,

15   where he stayed with his son and his son's mother in Colony, Texas. Plaintiff was eventually able to

16   rent a car to take him back to his mother's home in Jackson, Mississippi.  Plaintiff was not able to

17   return the rental car in Mississippi, and he had to drive it back to Dallas, where he dropped the car off

18   and returned by bus to Mississippi.

19          As a result of the various expenditures associated with Plaintiff's arrest and return trip to

20   Mississippi, Plaintiff could not pay his Visa credit card, and he states he received many phone calls

21   from the credit card company.  Plaintiff states that he had no money for anything, including to work on

22   other legal matters pending in state and federal court.

23          Plaintiff returned to Boulder City on April 7, 2009 for a court appearance on April 14, 2009.

24   He paid five dollars for discovery from the city attorney on April 9, 2009.  On April 14, 2009,

25   Plaintiff's case was not called, and when he inquired about the case's status from the court, the judge

26   informed him that no charges had been filed and advised Plaintiff that the prosecutor's office had one

27   year to file charges.  The judge informed Plaintiff that any bond he posted was exonerated.  Plaintiff

28   returned to Mississippi.  Plaintiff attempted to have his bond money refunded from the bail bond

1    company.  The bail bond company eventually refunded the bond amount less the company's fees.

2    Plaintiff received a check in the amount of $3264.00 on May 1, 2009.

3         In June, 2009, Plaintiff received a criminal complaint and summons to appear in Boulder City

4    Municipal Court.  Plaintiff also received a toxicology report and paid for and received a copy of the

5    patrol car video from his arrest.  Plaintiff asserts that video has been altered, edited, and had certain

6    parts re-filmed to show the arrest in a different manner.  Plaintiff returned to Las Vegas on July 14,

7    2009 for an appearance on June 16, 2009.  Neither the judge nor the prosecutor was present, and

8    Plaintiff merely signed a form entitled Advisement of Rights and Penalties.  Plaintiff was appointed

9    counsel, Defendant Mike Printy.  Plaintiff traveled back and forth from Mississippi to Boulder City to

10   defend himself in the criminal case.  In December, 2009, Plaintiff was not permitted to rent a car in Las

11   Vegas because a hold had been placed by on Plaintiff's reservation by Alamo Rental Car in Mississippi.

12   Plaintiff alleges that an Enterprise Rental Car employee in Mississippi–a "morbid[ly] obese black

13   woman . . . acting on behalf of some corrupt law enforcement" conspired with law enforcement in

14   Boulder City, Nevada to prevent him from defending his criminal case.  Plaintiff's case was eventually

15   dismissed on December 17, 2009.

16        Plaintiff's Amended Complaint alleges that Defendants Robert Woolsey, Boulder Police Chief

17   Thomas W. Finn, Mayor of Boulder City Roger Tohler, and Henderson Police Chief Jutta Chambers

18   conspired to violate Plaintiff's civil rights under the First, Fourth Fifth, Sixth, Eighth, and Fourteenth

19   Amendments.  Specifically, he alleges these Defendants planned and intended to use color of state law

20   to force Plaintiff to pay a bond.  He also alleges they subjected him to "cruel and unusual punishment,

21   with intentional infliction of emotional distress in violation of due process and equal protection."  He

22   asserts they committed fraud, mail fraud, wire fraud, extortion, malfeasance, and obstruction of justice.

23   Plaintiff asserts that Defendant Mike Printy and Defendant Jane Doe Manager at Alamo Rental Car also

24   conspired with the other Defendants by trying to get Plaintiff to miss court.  Plaintiff also alleges that

25   Defendant Jane Doe breached Alamo's contract for a rental car with Plaintiff by refusing to rent a car to

26   Plaintiff although he had already paid for the rental in full.  Plaintiff alleges Defendants Printy and Jane

27   Does were "gross[ly] negligent, negligence [sic] misrepresentation, breach of duty to deal fairly and in

28   good faith, rescission due to misrepresentation, retaliatory actions, professional negligence and

1   malfeasance and obstruction of justice." Complaint at 18.   Plaintiff seeks compensatory and punitive

2   damages in the amount of one million dollars from each Defendant.

3       **II.       Discussion.**

4           **A.       Plaintiff's "Official Capacity" Claims.**

5       Plaintiff's Amended Complaint attempts to state claims under 42 U.S.C. §§ 1981, 1983, and

6   1985.  To state a claim under section 1983, a plaintiff must allege that a right secured by the

7   Constitution has been violated, and the deprivation was committed by a person acting under color of

8   state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).

9       States and state officers sued in their official capacity are not "persons" for the purposes of a

10  section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State*

11  *Police*, 491 U.S. 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual

12  capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  In order to state an official capacity claim or a claim

13  against a local government, such as a municipality, a plaintiff must allege there is "a policy statement,

14  ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a

15  "governmental 'custom' even though such a custom has not received formal approval through the

16  body's official decision[-]making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S.

17  658, 690-91 (1978).  Municipal officers may be sued in their official capacities, but the plaintiff must

18  prove that any constitutional violations occurred as a result of an official policy or custom, *Monell*, 436

19  U.S. at 690, or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489

20  U.S. 378, 388-91 (1989).  Although Plaintiff has alleged Defendants Chambers, Finn, and Tohler failed

21  to supervise and train, he has not stated any specific facts to support this claim.  Plaintiff must allege the

22  conduct in the Complaint is the result of official policy, practice, or failure to train.  Plaintiff has stated

23  no facts concerning any custom, procedure, policy, or practice which would support a claim for

24  municipal liability under 42 U.S.C. § 1983. Therefore, it will be recommended that Plaintiffs claims

25  against Defendants Chambers, Finn, and Tohler be dismissed.

26          **B.       Plaintiff's 1985 Claim.**

27      In order to state a claim under 42 U.S.C. § 1985, a plaintiff must allege (a) a conspiracy; (b) for

28  the purpose of depriving, either directly or indirectly, any person or class of persons of the equal

1   protection of the laws, or of equal privileges and immunities under the laws; (c) an act in furtherance of

2   the conspiracy; (d) whereby a person is either injured in his or her person or property or deprived of any

3   right or privilege of a citizen of the United States.  *See United Brotherhood of Carpenters and Joiners*

4   *of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983), *reh'g denied*, 464 U.S. 875

5   (1983).  Here, although Plaintiff has alleged Defendants conspired to deprive him of his civil rights, he

6   has not stated any facts to show a conspiracy existed, nor has he alleged he is a member of a protected

7   class, and it will be recommended that his claim under 42 U.S.C. § 1985 be dismissed.

8                              **C.      Plaintiff's 1981 Claim.**

9            42 U.S.C. § 1981 protects the equal right of "all persons within the jurisdiction of the United

10   States" to "make and enforce contracts" without respect to race.  *Id.; see also Domino's Pizza, Inc. v.*

11   *McDonald*, 546 U.S. 470, 474-75 (2006).  In order to state a claim, a plaintiff must have "rights under

12   the existing (or proposed) contract that he wishes 'to make and enforce.'  Section 1981 plaintiffs must

13   identify injuries flowing from a racially motivated breach of their . . . contractual relationship." *Ennix*

14   *v. Stanten*, 556 F.Supp.2d 1073, 1083 (N.D. Cal. 2008) (*citing Domino's Pizza,* 546 U.S. at 479-80).

15   Here, although Plaintiff alleges that the contract for a rental car was breached by Defendant Jane Doe,

16   he does not assert any racially-motivated reason for the alleged breach.  Accordingly, it will be

17   recommended that Plaintiff's § 1981 claim be dismissed.

18                **D.      Plaintiff's Fourth Amendment Claims Against Defendant Woolsey**.

19            Plaintiff alleges that Defendant Woolsey violated his rights under the Fourth Amendment by

20   searching his car and luggage and by arresting him without probable cause.   As a general matter, the

21   Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and

22   effects, against unreasonable search and seizure." U.S. Const. Amend. IV.  An arrest made without a

23   warrant requires a showing of probable cause.  *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 2001).  An

24   arrest made without probable cause or other justification provides the basis for a claim of unlawful

25   arrest under § 1983 as a violation of the Fourth Amendment.  *Dubner v. City of San Francisco*, 266

26   F.3d 959 (9th Cir. 2001). A warrantless arrest is reasonable where the officer has probable cause to

27   believe a crime has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  "If an

28   officer has probable cause to believe that an individual has committed even a very minor criminal

1  offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater*

2  *v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

3        Whether a police officer has probable cause to arrest is ascertained by looking at the facts

4  known to the officer at the time of the arrest. *Turner v. County of Washoe*, 759 F.Supp. 630, 634

5  (D.Nev. 1991).  Probable cause exists if the facts and circumstances within the person's knowledge and

6  of which they have reasonably trustworthy information are sufficient to warrant a prudent man in

7  believing that the person had committed a crime. *Id.*  The existence of probable cause vitiates any

8  claim of unlawful arrest. *Pierson v. Ray*, 386 U.S. 547 (1967); *Wyatt v. Cole*, 504 U.S. 158, 165

9  (1992); *Turner*, 759 F.Supp. at 633 (stating "It has long been established that a police officer who

10  arrests with probable cause is immune from suit in a civil rights action").  Whether charges are later

11  dismissed does not affect the determination of whether probable cause existed to support the arrest.

12  *Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1996).

13        The plaintiff bears the burden of proof on the issue of unlawful arrest, which can be satisfied by

14  showing that the arrest was conducted without a valid warrant. *Dubner*, 266 F.3d at 965.  If the arrest

15  was warrantless, the burden then shifts to the defendant to provide some evidence that the arresting

16  officers had probable cause for a warrantless arrest. *Id.*  The plaintiff still bears the ultimate burden of

17  proof, but the burden of production falls on the defendant. *Id.*

18        Here, Plaintiff alleges that the Defendant Woolsey arrested him without a warrant.  Plaintiff also

19  asserts that the search of his car and luggage violated the Fourth Amendment because Defendant

20  Woolsey searched his property without probable cause and without a warrant.  Under the Fourth

21  Amendment, searches and seizures are unreasonable and invalid unless based on probable cause and

22  executed pursuant to a warrant. *Katz v. United States*, 389 U.S. 347, 357 (1967).  Accepting Plaintiff's

23  allegations as true, Plaintiff has re-alleged a claim for violation of his Fourth Amendment right to be

24  free from unreasonable search and seizure.

25        **D.**    **Plaintiff's Remaining Claims.**

26        Plaintiff has also named his court-appointed counsel and an employee of Alamo Rental Car as

27  Defendants, asserting they conspired with law enforcement to violate his civil rights.  However, neither

28  Defendant Printy nor Defendant Jane Doe are state actors.  Defendant Jane Doe is an employee of a

1   private company. Defendant Printy, Plaintiff's court-appointed defense counsel, is also not a state

2   actor. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public

3   defender does not act under color of state law when performing a lawyer's traditional functions as

4   counsel to a defendant in a criminal proceeding." *Id.* The Court reasoned that when representing an

5   indigent defendant in a state criminal proceeding, the public defender does not act under color of state

6   law for purposes of § 1983 because he or she is "not acting on behalf of the State; he is the State's

7   adversary." *Id.* at 323 n.13; *see also West,* 487 U.S. at 50 (discussing *Polk).* Similarly, Plaintiff's

8   court-appointed counsel was not a state actor in acting as counsel for Plaintiff in his criminal case in

9   Boulder City. Neither Defendant Printy nor Defendant Doe were acting under color of state law, and

10   Plaintiff cannot state a claim against them under 42 U.S.C. § 1983.[1]

11            **IT IS ORDERED**:

12            1.       Plaintiff's Motion for Leave (Dkt. #11) is GRANTED as to Defendant Woolsey and

13                     DENIED as to the remaining Defendants because Plaintiff has failed to state a claim

14                     against any Defendant other than Defendant Woolsey.

15            2.       The Clerk of Court shall file the Amended Complaint.

16            3.       Plaintiff shall serve a copy of the Amended Complaint on Defendant Woolsey pursuant

17                     to Fed.R.Civ.P. 5.

18            **IT IS RECOMMENDED** that Plaintiff's claims against Defendants Finn, Tohler, Chambers,

19   Printy, and Doe be DISMISSED for failure to state a claim upon which relief can be granted.

20            **IT IS FURTHER RECOMMENDED** that all claims against Defendant Woolsey except for

21   Plaintiff's Fourth Amendment claim be DISMISSED for failure to state a claim upon which relief can

22   be granted.

23            Dated this 20th day of September, 2010.

24                                                                _____
                                                                 PEGGY A. LEEN

25                                                                UNITED STATES MAGISTRATE JUDGE

26

27            [1]In *Tower v. Glover*, 467 U.S. 914, 919-20 (1984), the Court recognized that a public defender can be sued under §
      1983 if he or she conspired with a state actor, even if the state actor is immune from § 1983 liability. However, here, Plaintiff
28    has not alleged facts to suggest such a conspiracy.

1

**NOTICE**

2        These findings and recommendations are submitted to the United States District Judge assigned

3   to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being

4   served with these findings and recommendations, any party may file written objections with the court.

5   Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and

6   recommendations of a magistrate judge shall file and serve *specific written objections* together with

7   points and authorities in support of those objections, within fourteen days of the date of service of the

8   findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's

9   Findings and Recommendations."  The parties are advised that failure to file objections within the

10  specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153

11  (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject

12  to the page limitations found in LR 7-4.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28