# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES L. STRINGER,

    Plaintiff,

v.

ROBERT WOOLSEY, *et al.*,

    Defendants.

Case No. 2:10-CV-00048-KJD-PAL

**ORDER**

    Presently before the Court is the Order and Report of Findings and Recommendation (#18) of Magistrate Judge Peggy A. Leen.  Plaintiff timely filed Objections (#19) to the report and recommendation.  Also before the Court is Plaintiff's Motion for Default Judgment (#15).

    On July 13, 2009, the Magistrate Judge granted Plaintiff's application to proceed *in forma pauperis*, screened the complaint and dismissed all claims, except those made against Defendant Robert Woolsey.  Plaintiff was ordered to serve the complaint on Defendant Woolsey and to file an amended complaint within thirty (30) days of the Court's Order (#7).  On August 5, 2010, Plaintiff timely filed a motion to amend the complaint and also filed the Amended Complaint (#17).  On July 28, 2010, Plaintiff also filed the form USM-285 showing that he had the United States Marshals' Service serve Defendant Woolsey by delivering a copy of the summons and complaint to an office assistant at the Boulder City Police Department.  Plaintiff then filed his Motion for Entry of Clerk's

Default on August 25, 2010. Default was entered on August 25, 2010 and Plaintiff filed the present motion for default judgment. On September 21, 2010, the magistrate judge granted Plaintiff's motion for leave to amend as to Defendant Woolsey and screened the complaint. The magistrate judge dismissed all claims except those made against Defendant Woolsey under the Fourth Amendment.

Plaintiff has now filed objections to the magistrate judge's findings and recommendation. Plaintiff makes and the Court denies the following seven objections. First, Plaintiff asserts that it was error for the magistrate judge to order Plaintiff to serve the amended complaint on Defendant Woolsey in accordance with Federal Rule of Civil Procedure 5, because default has been entered against Defendant Woolsey. However, the Court must deny Plaintiff's motion for default judgment and vacate the entry of default against Woolsey, because Plaintiff failed to serve the amended complaint in accordance with either the Federal Rules or the Nevada Rules of Civil Procedure. The USM-285 form returned by Plaintiff shows that the summons and complaint were served on Woolsey by leaving a copy with an office assistant at the Boulder City Police Department. However, both the Federal Rules and Nevada Rules of Civil Procedure require personal service of the summons and complaint, or in the alternative, leaving copies at the individual's dwelling or usual place of abode. Fed. R. Civ. Pr. 4 ; Nev. R. Civ. Pr. 4(d)(6). Accordingly, the Court must quash service and set aside entry of default. Further, the Court orders Plaintiff to serve the action in accordance with Rule 4.

Plaintiff's second assertion must be denied since the Court has denied his motion for default judgment. Furthermore, even if the Court had not denied Plaintiff's motion for default, the claims of the complaint are not deemed as true to other defendants.

Plaintiff's third assertion that the magistrate improperly dismiss his 42 U.S.C. § 1981 claim, must be denied because he has failed to assert any racially motivated reason for the alleged breach.

Plaintiff's fourth assertion that the magistrate judge improperly dismissed his 42 U.S.C. § 1985 claim must also be denied, because even after the magistrate judge pointed out the error,

Plaintiff has still failed to allege the essential elements of the conspiracy or to even assert that he is a member of a protected class.

Plaintiff's fifth assertion, other than violating Iqbal's requirement of stating facts that are plausible, does not demonstrate clear error on the magistrate judge's part for failing to state the names of the alleged conspirators in her order. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(requiring Plaintiff to state a claim for relief that is plausible on its face).

Plaintiff's sixth assertion also fails to demonstrate error on the magistrate's part. Plaintiff's laundry list of claims, many not actionable in a civil action, do not meet the pleading requirements of the federal rules. In screening the complaint the magistrate properly identified "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Next, the magistrate judge considered the factual allegations "to determine if they plausibly suggest[ed] an entitlement to relief." Id. at 1951. The magistrate accurately concluded that Plaintiff had not adequately stated grounds for relief, except for his claims against Defendant Woolsey based on his alleged violations of the Fourth Amendment.

Finally, the magistrate judge correctly concluded that Plaintiff did not assert facts, that if true, would establish municipal liability. Accordingly, the Court must deny Plaintiff's objections and affirm and adopt the magistrate judge's order and findings and recommendations.

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C) and LR IB 3-2. The Court determines that the Order and Findings and Recommendation of the United States Magistrate Judge entered September 21, 2010, should be adopted.

IT IS THEREFORE ORDERED that the Magistrate Judge's Findings and Recommendation (#18) entered September 21, 2010 are **ADOPTED** and **AFFIRMED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (#15) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk's Entry of Default (#16) is **VACATED**;

1   IT IS FURTHER ORDERED that Plaintiff serve the amended complaint on Defendant
2 Woolsey in accordance with Federal Rule of Civil Procedure 4.
3   DATED this 28th day of October 2010.

```
                                    _____
                                    Kent J. Dawson
                                    United States District Judge
```