UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES L. STRINGER, | |
|     Plaintiff, | Case No. 2:10-CV-00048-KJD-PAL |
| v. | **ORDER** |
| ROBERT WOOLSEY, *et al.*, | |
|     Defendants. | |

    Presently before the Court is Plaintiff's Motion for Recusal of District Judge (#24) and Motion for Default Judgment (#25). Plaintiff's Motion for Recusal is denied because four of the five reasons that Plaintiff asserts as evidence of reasons to question the judge's impartiality arise from conduct or rulings made during the course of proceedings. See Toth v. Trans World Airlines, 862 F.2d 1381, 1387-88 (9th Cir. 1988)(bias or prejudice justifying recusal must arise from an extrajudicial source and not from conduct or rulings made during the course of the proceeding). Plaintiff's final reason, the judge's prior employment as Henderson City Attorney, which ended thirty years ago, is too far attenuated to reasonably question the judge's impartiality. The magistrate judge recommended the City of Henderson be dismissed as a defendant and Plaintiff failed to respond by asserting facts that would demonstrate municipal liability. Accordingly, the Court denies the motion to recuse.

On October 29, 2010, this Court adopted and affirmed (#20) the Report and Recommendations (#18) of Magistrate Judge Peggie A. Leen.  The Court also denied Plaintiff's Motion for Default Judgment (#15) and vacated the clerk's entry of default (#16).  The Court took those actions, because the USM-285 form returned by Plaintiff showed that the summons and complaint were served on Woolsey by leaving a copy with an office assistant at the Boulder City Police Department.  However, both the Federal Rules and Nevada Rules of Civil Procedure require personal service of the summons and complaint, or in the alternative, leaving copies at the individual's dwelling or usual place of abode.  Fed. R. Civ. Pr. 4 ; Nev. R. Civ. Pr. 4(d)(6).  Thus, the Court quashed service and set aside entry of default.  Further, the Court ordered Plaintiff to serve the action in accordance with Rule 4.  Service was due by December 3, 2010.

On December 6, 2010, Plaintiff filed the returned USM-285 form (#23).  The form, for having the summons and complaint served by the United States Marshals Service, listed the defendant as "Robert Woolsey, et. al.[,]" and told the Marshals Service to serve the summons and complaint to "David R. Olsen, Boulder City Attorney, 401 California Avenue, Boulder City, Nevada City Hall 89005[.]" The returned form neither includes a copy of the summons that was evidently served with the complaint, nor did Plaintiff fill in the boxes the "number of process" to be served with the form.  Plaintiff also left blank the box showing the number of parties to be served in this case.  The United States Marshal who executed service and filled in the form indicated that he personally served the individual [David R. Olsen] indicated in the form by leaving it with an office assistant on December 2, 2010.

Despite having specific instruction from the Court on how to serve the summons and complaint, Plaintiff has failed to serve the summons and complaint in compliance with the Rules of Civil Procedure.  Knowing that all claims in the amended complaint had been dismissed, except the Fourth Amendment claims against Robert Woolsey individually, Plaintiff had the Boulder City Attorney served with the summons and complaint.  This is not sufficient to make Woolsey personally aware that he is being sued, the goal of Rule 4.  Therefore, the Court will dismiss Plaintiff's

complaint without prejudice unless Plaintiff can demonstrate that Robert Woolsey was served in accordance with the rules on or before December 3, 2010.  Accordingly, Plaintiff is ordered to file no later than January 20, 2011 proof of service of the summons and complaint within the allowed time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Recusal of District Judge (#24) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (#25) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff file proof of service within the time allowed no later than January 20, 2011.

DATED this 6th day of January 2011.

_____
Kent J. Dawson
United States District Judge